1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7 | UNITED STATES OF AMERICA,                    Case No. 2:14-mj-00281-PAL

8 |                                Plaintiff,              ORDER

9 |        v.                                   (Mot Determine Capacity – Dkt. #11)

ALISON MICHELLE ERNST,

10

11 |                              Defendant.

12        Before the court is Defendant Alison Michelle Ernst's Motion to Determine Both the

13 | Defendant's Capacity at the Time of the Commission of the Offenses and Her Current

14 | Competency to Proceed (Dkt. #11).

15                              **BACKGROUND**

16        Defendant Alison Michelle Ernst ("Ernst") is charged in a Criminal Complaint (Dkt. #1)

17 | with one count of entering a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1),

18 | and violence against a person in a restricted building or grounds in violation of 18 U.S.C. §

19 | 1752(a)(4).   The complaint alleges that on April 10, 2014, Ernst remained in a restricted

20 | building, a portion of a room at the Mandalay Bay Hotel in Las Vegas, Nevada, immediately

21 | surrounding Hillary Clinton.   The area was posted, cordoned off and restricted by the Secret

22 | Service for the temporary visit of Mrs. Clinton, a person protected by the Secret Service as

23 | authorized under Title 18 U.S.C. § 3056.   Ernst got past security to the restricted area

24 | immediately surrounding Mrs. Clinton and threw a soccer shoe and several papers at Mrs.

25 | Clinton which entered into the restricted area.

26        In the current motion, defense counsel requests that the court order a mental competency

27 | evaluation to determine Ernst's mental capacity at the time of the commission of the offense, and

28 | her competency to stand trial.   Counsel represents that he has formulated a good-faith belief that

Ernst may have been legally insane at the time of the commission of the alleged offenses and his client has vehemently requested orally and in writing that counsel file this motion.  The motion is supported by attorney William Carrico's affidavit which avers that in visits to his client at the Southern Nevada Correctional Center, Ms. Ernst's train of thought is disjointed and makes little sense.  In attorney client visits, Ms. Ernst has not provided necessary details surrounding the offenses, but steers the conversation to topics of little relevance.  Additionally, at the time of the initial detention hearing, the government proffered information that caused the court to conclude that Ms. Ernst's mental health was questionable.  Under these circumstances, defense counsel requests an order pursuant to 18 U.S.C. § 4241 for a competency and insanity evaluation.

**DISCUSSION**

**Applicable Legal Standards.**

The due process clause of the Fifth Amendment prohibits trying a defendant who is mentally incompetent.  *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Pate v. Robinson*, 383 U.S. 375, 378 (1966).  "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."  *Drope v. Missouri*, 490 U.S. 162, 171 (1975).

The treatment of offenders suffering from a mental disease or defect is governed by the Insanity Defense Reform Act of 1984.  18 U.S.C. §§ 4241-48.  The Federal Criminal Code establishes a multi-part statutory scheme for addressing offenders suffering from a mental disease or defect who have pending federal charges.  If a question is raised concerning whether a defendant is competent to stand trial or assist in his defense, the court first determines whether the defendant suffers from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.  18 U.S.C. § 4241(a), and (d); *See also United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004).  Section 4241(a) provides that whenever the court has reasonable cause to believe a defendant is suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense, the court shall conduct a hearing to determine the

defendant's competency.  Section 4241(d) establishes a two-part disjunctive test of competency. *Id*.  A defendant must be able both to understand the nature of the proceedings against her, and to assist properly in her defense.  *Id*.

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED** that Ernst's Motion to Determine Both the Defendant's Capacity at the Time of the Commission of the Offenses and Her Current Competency to Proceed (Dkt. #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with 18 U.S.C. § § 4241, 4242. 4247, and Rule 12.2(c) of the Federal Rules of Criminal Procedure, the United States Marshal Service shall forthwith transport ALISON MICHELLE ERNST, Defendant herein, to a suitable BOP facility that conducts psychological evaluations closest to the Court, for psychiatric or psychological evaluation to determine:

(1)     whether Defendant ALISON MICHELLE ERNST may present be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and

(2)     whether Defendant ALISON MICHELLE ERNST suffered from a mental disease or defect rendering her mentally incompetent at the time of the commission of the offense charged.

**IT IS FURTHER ORDERED** that Defendant ALISON MICHELLE ERNST shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court upon showing good cause by the Director of the said facility or pursuant to other appropriate motion for a period of up to 30 additional days.  18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that the examination conducted pursuant to this Order be conducted by one or more licensed or certified psychiatrists or clinical psychologists.  18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that within 45 days from the date of entry of this Order, or such additional period as may be ordered by the Court, the Director of the said facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report to the Clerk of the United States District Court for the District of Nevada, to Cristina Silva, Assistant United States Attorney, and to William Carrico, Federal Public Defender and counsel for Defendant.

**IT IS FURTHER ORDERED** that the said report prepared pursuant to this Order shall include:

(1)     Defendant's history and present symptoms;

(2)     A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3)     The examiner's findings;

(4)     The examiner's opinions as to diagnosis, prognosis, and whether the Defendant is competent to stand trial, the test of which is whether she may present be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and

(5)     The examiner's opinions as to diagnosis and whether the defendant was insane at the time of the offense charged, the test is whether, at the time of the commission of the acts constituting the offense, the Defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of her acts.  18 U.S.C. § § 17(a), 4241(a), and 4247(c).

/ / /

/ / /

/ / /

/ / /

/ / /

P      The court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the court's determination of Defendant's competency to stand trial and her sanity at the time of the offense charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

DATED this 2nd day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE